UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADY MARK ABBOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No. 2:22-cv-00423-RFB-BNW<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Defendant Apple Inc.'s Motion to Dismiss Plaintiff Brady Mark Abbott's Complaint. ECF No. 8. For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice, and Plaintiff is ordered to file an amended complaint within seven (7) days of the entry of this order.

### II.　BACKGROUND

Plaintiff filed a Complaint on March 7, 2022. ECF No. 1. On June 10, 2022, Defendant filed a Motion to Dismiss. ECF No. 8. Plaintiff responded on July 26, 2022, and Defendant filed a reply on August 9, 2022. ECF Nos. 21, 24. Plaintiff's response included a request to file an amended complaint, attaching a proposed amended complaint. ECF No. 21. On October 10, 2022, Defendant filed a Motion to Stay Discovery pending a decision on the Motion to Dismiss. ECF No. 25. On October 24, 2022, the parties filed a Stipulation to Stay Discovery, pending a decision on the Motion to Dismiss. ECF No. 27. Magistrate Judge, Brenda Weksler, granted the Stipulation to Stay Discovery and denied Defendant's Motion to Stay Discovery as moot. ECF No. 28.

This order follows.

### III. DISCUSSION

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). Complaints drafted by pro se litigants are held to less stringent standards than complaints formally filed by lawyers. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A party, however, cannot remedy a failure to plead sufficient facts to state a claim through responsive pleading. See Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

"[A] party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). A court has broad discretion to grant or deny leave to amend but should grant leave when "justice so requires." Id. A court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011).

Separately, "[a]ll motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared. The motion must be supported by a memorandum of points and authorities." Local Rule 7-2(a). Moreover, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Local Rule IC 2-2(b).

Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, and that the Court should deny Plaintiff's request for leave to amend because the request violates Local Rule 7-2(a) and LR IC 2-2(b). In response, Plaintiff argues that the Court should deny Defendant's Motion to Dismiss, and that he should be allowed

to file the attached amended complaint. This is because Plaintiff prepared the Complaint as a pro se plaintiff, and therefore Plaintiff was unaware of the legal requirements of stating a proper claim for relief.

The Court acknowledges that Plaintiff's Complaint was filed pro se and is therefore held to less stringent standards. Hebbe, 627 F.3d at 342. That said, Plaintiff is now represented by counsel who, in turn, filed the Response to Defendant's Motion to Dismiss. See ECF Nos. 11, 21. Indeed, Plaintiff's Response was inappropriately filed as a request for leave to amend, rather than a true response. See Fed. R. Civ. P. 15. The Court also finds Plaintiff's request violates Local Rule IC 2-2(b), which states that a separate document must be filed on the docket for each purpose.

The Court agrees with Defendant that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint alleges that Defendant subjected him to gender discrimination in violation of Title VII of the Civil Rights Act. The Complaint, however, fails to state the elements of any such claim or allege sufficient facts for the claim. Instead, Plaintiff alleges, in conclusory fashion, that store management at Defendant's Summerlin location forced him to submit a confession to the human resources department, and intimidated and bullied him, all culminating in his employment termination. It is also unclear to the Court how Defendant's actions constituted discriminatory treatment against Plaintiff. All the Complaint states is that a co-worker of a different gender was neither reprimanded nor terminated.

Nevertheless, the Court will grant Plaintiff's request for leave to amend. See Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Here, the Court does not find that Plaintiff's request is being done in bad faith. Corinthian Colls., 655 F.3d at 995. Plaintiff has also not previously amended his complaint. Id. Moreover, given the stage of this litigation, the Court finds that Plaintiff's failure to comply with either Local Rules or Federal Rule of Civil Procedure 15 has not caused undue delay or prejudiced Defendant. Id. As it relates to the futility of amendment, the Court is not yet convinced that Plaintiff cannot plead any set of facts that would entitle him to relief on his discrimination claim against Defendant. Id. The Court finds, for

instance, that the proposed amended complaint further expounds on Plaintiff's allegations, alleges that Plaintiff exhausted his administrative remedies, and elaborates on Plaintiff's claim under Title VII of the Civil Rights Act of 1964. These are proposed amendments that address some of Defendant's arguments.

Accordingly, the Court will grant Plaintiff leave to amend his complaint but cautions that future filings must comply with the local and federal rules.

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Apple Inc.'s Motion to Dismiss (ECF No. 8) is GRANTED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Brady Mark Abbott file the amended complaint within seven (7) days of the entry of this order.

**DATED:** January 19, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**